UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

JUN 1 - 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MONSANTO COMPANY and<br>DELTA AND PINE LAND COMPANY,<br><br>Defendants. | Civil Case No.: 07-0992<br><br>Filed: |

## HOLD SEPARATE AND PRESERVATION OF ASSETS STIPULATION AND ORDER

It is hereby stipulated and agreed by and between the undersigned parties, subject to approval and entry by the Court, that:

### I. DEFINITIONS

As used in this Order:

A.   "DPL" means Defendant Delta and Pine Land Company, a Delaware corporation with its headquarters in Scott, Mississippi, its successors and assigns, and its subsidiaries, divisions, groups, affiliates, interests in partnerships and joint ventures, and their directors, officers, managers, agents, and employees.

B.   "Monsanto" means Defendant Monsanto Company, a Delaware corporation with its headquarters in St. Louis, Missouri, its successors and assigns, and its subsidiaries, divisions, groups, affiliates, partnerships and joint ventures, and their directors, officers, managers, agents,

and employees.

C.    "Stoneville" means all assets used exclusively or primarily in, or to support, the U.S. business of Stoneville Pedigreed Seed Company, including, but not limited to the assets described in Schedule A to the proposed Final Judgment.

D.    "Enhanced Stoneville Assets" means the assets, properties, and rights listed in Schedule B to the proposed Final Judgment.

E.    "Syngenta" means Syngenta Crop Protection AG, a Swiss corporation with its headquarters in Basel, Switzerland, its successors and assigns, and its subsidiaries, divisions, groups, affiliates, partnerships and joint ventures, and their directors, officers, managers, agents, and employees.

F.    "VipCot Assets" means the assets, properties, and rights listed in Schedule C to the proposed Final Judgment.

## II. OBJECTIVES

The proposed Final Judgment filed in this case is meant to ensure Defendants' prompt divestitures of the Enhanced Stoneville Assets and the VipCot Assets for the purpose of preserving viable competition in the market for the development, production and sale of traited cottonseed in the MidSouth and Southeast United States in order to remedy the effects that Plaintiff alleges would otherwise result from Monsanto's acquisition of DPL. The proposed Final Judgment also provides that if the Enhanced Stoneville Assets are not sold to an Acquirer acceptable to Plaintiff, Defendant Monsanto will divest DPL.

This Stipulation and Order ensures that the Enhanced Stoneville Assets and VipCot Assets are preserved in their current or an improved state. This Stipulation and Order also ensures that DPL remains an independent, economically viable, and ongoing business concern and that competition is maintained between DPL and Monsanto until either the divestiture of the Enhanced Stoneville Assets or the divestiture of DPL under the proposed Final Judgment is accomplished.

### III.    JURISDICTION AND VENUE

This Court has jurisdiction over the subject matter of this action and over each of the parties hereto, and venue of this action is proper in the United States District Court for the District of Columbia. The complaint states a claim upon which relief may be granted against Defendants under Section 7 of the Clayton Act, 15 U.S.C. § 18.

### IV.    COMPLIANCE WITH AND ENTRY OF FINAL JUDGMENT

A.    The parties stipulate that a proposed Final Judgment in the form attached hereto as Exhibit A may be filed with this Court by the United States and may be entered by the Court, upon the motion of any party or upon the Court's own motion, at any time after compliance with the requirements of the Antitrust Procedures and Penalties Act, 15 U.S.C. § 16, and without further notice to any party or other proceedings, provided that Plaintiff has not withdrawn its consent, which it may do at any time before the entry of the proposed Final Judgment by serving notice thereof on Defendants and by filing that notice with the Court.

B.    Defendants shall abide by and comply with the provisions of the proposed Final Judgment pending the Judgment's entry by the Court, or until expiration of time for all appeals of

any Court ruling declining entry of the proposed Final Judgment, and shall, from the date of the signing of this Stipulation and Order by the parties, comply with all the terms and provisions of the proposed Final Judgment as though the same were in full force and effect as an order of the Court.

C.  Defendants shall not consummate the transaction sought to be enjoined by the Complaint herein before the Court has signed this Stipulation and Order.

D.  This Stipulation and Order shall apply with equal force and effect to any amended proposed Final Judgment agreed upon in writing by the parties and submitted to the Court.

E.  In the event that either:

(1) the United States has withdrawn its consent, as provided in Section IV(A) above, or

(2) the proposed Final Judgment is not entered pursuant to this Stipulation and Order and the time has expired for all appeals of any Court ruling declining entry of the proposed Final Judgment,

Defendants shall nonetheless continue to abide by the obligations set forth in this Stipulation and Order until (a) the case has been fully adjudicated such that the time has expired for all appeals of any Court ruling declining entry of judgment under the Complaint in favor of the United States, or (b) the United States dismisses its Complaint. The making of this Stipulation and Order shall be without prejudice to any party in this or any other proceeding.

F.  Defendants represent that the divestitures ordered in the proposed Final Judgment can and will be made, and that Defendants will later raise no claim of mistake, hardship or

4

difficulty of compliance as grounds for asking the Court to modify any of the provisions contained therein.

## V.    HOLD SEPARATE AND PRESERVATION OF DPL

For the duration of the period specified in Section VII:

A.    Defendant DPL shall operate as an independent, ongoing, economically viable competitive business held separate, distinct and apart from Defendant Monsanto's operations. Within twenty (20) days after the entry of the Stipulation and Order, Defendants will inform Plaintiff of the steps they have taken to comply with this Stipulation and Order.

B.    Defendants shall not coordinate any aspect of their commercial operations, including research and development, production, marketing, or sales of any products, except to the extent such coordination would have occurred in the ordinary course pursuant to any agreements that existed between the Defendants prior to the date of the filing of the Complaint in this matter. Defendant Monsanto may ensure that DPL complies with Monsanto's policies and procedures relating to compliance with environmental, health, safety, human resource, and securities or other laws and regulations. Other than as excepted above, Defendants shall take all steps necessary to ensure:

(1)    the management of DPL will not be influenced by Monsanto; and

(2)    the management of DPL acts to maintain and increase its research and development, production, sales and revenues, and maintain, at a minimum, at previously approved levels for 2006 and 2007, whichever are higher, expenditures for these activities.

5

C.  Defendants shall take all steps necessary to ensure that DPL will be maintained and operated as an ongoing, economically viable and active competitor in the development, production and sale of traited cottonseed.

D.  Defendant Monsanto shall not, except as part of a divestiture approved by Plaintiff in accordance with the proposed Final Judgment, remove, sell, lease, assign, transfer, destroy, pledge or otherwise dispose of any asset of DPL.

E.  Other than for cause, Defendants shall not transfer or terminate, or alter to the detriment of any employee, any current employment or salary agreements for any DPL employee who on the date of entry of this Stipulation and Order works for DPL.

F.  Defendants shall maintain, in accordance with sound accounting principles, separate, accurate and complete financial ledgers, books and records that report on a periodic basis, such as the last business day of every month, consistent with past practices, the assets, liabilities, expenses, revenues and income of DPL.

## VI.  PRESERVATION OF ENHANCED STONEVILLE AND VIPCOT ASSETS

A.  For the duration of the period specified in Section VII:

(1)  Defendants shall preserve, maintain, and continue to operate the Enhanced Stoneville Assets and permit expeditious divestiture in a manner consistent with this Stipulation and Order and the proposed Final Judgment;

(2)  Defendant Monsanto shall take all steps necessary to ensure that Stoneville will be maintained and operated as an ongoing, economically viable and active competitor in the development, production and sale of traited cottonseed;

6

(3) Defendant Monsanto shall provide sufficient working capital and lines and sources of credit to continue to maintain Stoneville as an economically viable and competitive, ongoing business;

(4) Defendants shall not, except as part of a divestiture approved by Plaintiff in accordance with the proposed Final Judgment, remove, sell, lease, assign, transfer, destroy, pledge or otherwise dispose of any of the Enhanced Stoneville Assets, provided, however, that nothing in this Section VI.A.(4) shall prohibit the Defendants from doing so in the ordinary course of business;

(5) Defendant Monsanto's employees whose duties are primarily related to the operation of Stoneville shall not be transferred or reassigned to other areas within the company except for transfer bids initiated by employees pursuant to Defendant's regular, established job posting policy. Defendant Monsanto shall provide Plaintiff with ten (10) calendar days notice of such transfer; and

(6) Defendants shall take no action that would jeopardize, delay, or impede the divestiture of the Enhanced Stoneville Assets to an Acquirer acceptable to Plaintiff in its sole discretion, or that would jeopardize, unreasonably delay, or impede the divestiture of the VipCot Assets to Syngenta.

B. Until the divestiture of the VipCot Assets required by the proposed Final Judgment has been accomplished:

(1) Defendants shall use all reasonable efforts to proceed with the development of the VipCot Assets, and shall maintain their development and

7

production process for the VipCot Assets so that the merger between Monsanto and DPL will have no adverse effect on the date on which the VipCot Assets may be commercialized and released for sale in the United States;

(2)     Defendants shall use their best efforts to preserve, and shall not, except for the harvesting of cotton plants in the ordinary course of business, intentionally destroy any cottonseeds or cotton plants containing the VipCot trait; and

(3)     Defendants shall take no action that would jeopardize, unreasonably delay, or impede the divestiture of the VipCot Assets to Syngenta.

## VII. Continuation of Hold Separate and Preservation of Assets Stipulation and Order

Except with respect to the obligations set forth in Section VI.B., which shall continue until the divestiture of the VipCot Assets, this Stipulation and Order shall remain in effect until (1) the divestiture of the Enhanced Stoneville Assets in accordance with the proposed Final Judgment has been completed, or (2) in the event that DPL must be divested in accordance with

the proposed Final Judgment, the divestiture of DPL is completed.

Dated: May 31, 2007

Respectfully submitted,

FOR PLAINTIFF

*/s/ Jill A. Ptacek*

Jill A. Ptacek (WA Bar #18756)
Trial Attorney, Transportation, Energy
& Agriculture Section
Antitrust Division
U.S. Department of Justice
325 7th Street, NW, Suite 500
Washington, DC 20004
Telephone: 202/307-6607
Facsimile: 202/307-2784
Email: jill.ptacek@usdoj.gov

FOR DEFENDANT MONSANTO COMPANY

*/s/ M.J. Moltenbrey*

M.J. Moltenbrey (DC Bar # 481127)
Freshfields Bruckhaus Deringer LLP
701 Pennsylvania Avenue, NW
Suite 600
Washington, DC 20004
(202) 777-4500
Email: mj.moltenbrey@freshfields.com

FOR DEFENDANT DELTA AND PINE LAND COMPANY

*/s/ Charles F. Rule*

Charles F. Rule (DC Bar #370818)
Cadwalader, Wickersham & Taft LLP
1201 F Street, NW
Washington, DC 20004
(202) 862-2200
Email: rick.rule@cwt.com

## ORDER

It is SO ORDERED, this **1st** day of **June**, 2007.

_____
United States District Court Judge