IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>MONSANTO COMPANY and<br>DELTA AND PINE LAND COMPANY,<br><br>                Defendants. | Civil Action No.: 1:07-cv-00992<br>Hon. Ricardo M. Urbina |

## RESPONSE OF PLAINTIFF UNITED STATES
## TO THE MOTION OF ORGANIZATION FOR
## COMPETITIVE MARKETS TO FILE AMICUS CURIAE BRIEF

The United States opposes the motion by the Organization for Competitive Markets ("OCM") to file an *amicus curiae* brief (the "Motion").[1] This is a proceeding under the Tunney Act (the "Act"), in which the Court must determine whether entry of the proposed Final Judgment is in the public interest. Courts typically base this determination on materials the Act requires the United States to file with the Court. These materials here, which already part of the record, encompass eleven public comments submitted to the United States, including one from OCM, and the Response of the United States to all these comments. OCM's proposed Brief

---

[1] OCM's "motion" took the form of a six page letter, which was not served upon the parties, *cf.* Fed. R. Civ. P. 5(a)(1)(E), requesting permission to submit a brief as *amicus curiae*. The letter stated that it "also serves as the Brief of Amicus Curiae Organization for Competitive Markets in Opposition to Motion for Entry of Final Judgment by United States of America." The Court directed that the letter be filed with the first page designated as "motion to file amicus brief" and the other pages filed as "the amicus brief."

reiterates points already made in its Comment or the comments of others, and would contribute no relevant new information to the record. The proposed Brief also includes a short argument reflecting OCM's belief that the government's Response is inadequate. Because the Court can evaluate the eleven comments and the Response itself, we doubt that it would find OCM's argument helpful. The Court should therefore deny OCM's Motion.

## INTRODUCTION

1. **The Tunney Act.** The purpose of a Tunney Act proceeding is to determine whether entry of the proposed Final Judgment settling a government antitrust case is in the public interest. 15 U.S.C. § 16(e). The Act creates a public comment process requiring that the United States (1) publish notices in newspapers and the *Federal Register*; (2) file and publish a Competitive Impact Statement ("CIS") describing, among other things, the antitrust violation and the proposed decree; and (3) file with the Court and publish in the *Federal Register* any public comments received and its response to those comments. *Id.* § 16(b)-(d). The public comment process gives the Court, as well as the United States, the views of interested nonparties about the merits of the settlement. The Act permits, at the Court's discretion, additional means of informing the Court's determination. *Id.* § 16(f).

2. **Proceedings to date.** On May 31, 2007, the United States filed a Complaint alleging that the acquisition of Delta and Pine Land Company ("DPL") by Monsanto Company ("Monsanto") violated Section 7 of the Clayton Act, 15 U.S.C. § 18. The United States also filed a Hold Separate and Preservation of Assets Stipulation and Order ("HSSO") and a proposed

Final Judgment that remedies the competitive harms identified in the Complaint.[2]

At the same time, the United States filed its CIS, which analyzes the antitrust violation alleged in the Complaint and the remedies the proposed Final Judgment provides for the competitive harms the proposed acquisition would otherwise create. The United States published the proposed Final Judgment and CIS in the *Federal Register* on June 15, 2007, *United States v. Monsanto Co. and Delta and Pine Land Co.*, 72 Fed. Reg. 33336-01, 2007 WL 1708314, and published summaries of the terms of the proposed Final Judgment and CIS, together with directions for the submission of written comments relating to the proposed Final Judgment, in *The Washington Post* for seven days beginning on June 28, 2007 and ending on July 4, 2007. The sixty-day period for public comments ended on August 27, 2007.

The United States received eleven comments, including OCM's, during the comment period. The United States filed its Response to all of the comments[3] and the comments themselves with the Court on March 4, 2008, and published the Response and the comments in the *Federal Register* on April 4, 2008. 73 Fed. Reg. 18611 (2008). On April 16, 2008, OCM moved for leave to file an *amicus curiae* brief.

---

[2] The Court entered the HSSO on June 1, 2007, and Monsanto completed its acquisition of DPL later that same day. As directed by the proposed Final Judgment, and, consistent with the HSSO, Monsanto divested certain assets (the "Enhanced Stoneville Assets") on June 19, 2007.

[3] The Response specifically addressed concerns OCM raised in its Comment and responded to the issues raised in the other public comments which OCM cites in its proposed Brief. *See, e.g.*, United States's Response to Public Comments at pp. 20, 21, 32, 33, 35, 40, 47.

## ARGUMENT

### The Court Should Deny OCM's Motion

OCM's proposed *amicus* brief is unlikely to prove helpful to the Court, and permitting OCM to file it would needlessly consume judicial resources and complicate these proceedings, even if to only a minor extent.

This proceeding is not a trial on the merits; it is a statutory proceeding to determine whether it would be in the public interest for the Court to enter the proposed Final Judgment. 15 U.S.C. § 16(e). The Act requires the United States to provide the Court with substantial information relevant to the Court's determination, including the views and analyses of interested third parties. *Id.* §§ 16(b) & (d). This information is ordinarily sufficient to support a court's determination. The Act also permits the Court, at its discretion, to employ an array of techniques for gathering additional information, *id.* § 16(f), when necessary to further inform its public interest determination. The United States believes the Court already has before it ample information.

Even assuming *arguendo* that the Court considers additional information to be required, OCM's proposed Brief would not provide it. For the most part, the Brief merely restates information derived from the public comments and other materials already filed with the Court, as the Brief's copious citations to record materials make clear. *See* Brief nn. 2-13. For the rest, the Brief argues, in approximately one page, *see id.* at 4-5, that the Response to comments is inadequate, a question the Court can, and surely will, evaluate on its own, since both the comments and the Response are before it. Thus, the proposed Brief seems unnecessary and unhelpful to the Court's determination. Nevertheless, should the Court grant the Motion, the

4

United States (and, we suspect, the defendants) would at least consider filing a responsive brief, lest we be taken to concede OCM's arguments. This proliferation of filings can, and should, be avoided by denying OCM's Motion.[4]

---

[4] OCM also complains about delay that "hindered and complicated the Court's ability to provide meaningful relief." Brief at 5-6. But that is irrelevant here. The Court's task in a Tunney Act proceeding is not to "provide meaningful relief," but only to determine whether entry of a settlement as a Final Judgment would be in the public interest. Relief provided in a settlement, rather than after an admission or judicial determination of liability, is only by agreement of the parties. Thus, "a district court is not permitted to reject proposed remedies merely because the court believes other remedies are preferable." *United States v. SBC Communications, Inc.*, 489 F. Supp. 2d 1, 15 (D.D.C. 2007) (citing *United States v. Microsoft Corp.*, 56 F.3d 1448, 1460 (D.C. Cir. 1995)). In any event, OCM alleges no failure to comply with the requirements of the Tunney Act.

Finally, OCM notes that Monsanto completed its acquisition of DPL prior to entry of the Final Judgment. The Act does not require otherwise. The acquisition and related divestitures occurred in conformity with the HSSO, which the Court itself entered. *See* HSSO §§ IV.B. & C. (providing that Monsanto could not acquire DPL until after the Court entered the HSSO and that Monsanto had to comply with the terms of the proposed Final Judgment, which required it to divest the Enhanced Stoneville Assets within 90 days after filing of the Complaint). This is entirely conventional. *See* ABA Section of Antitrust Law, *Antitrust Law Developments* 406 (6th ed. 2007) (noting that "[t]he Federal Trade Commission (as well as the Department of Justice) generally will permit the underlying transaction to close during the notice and comment period").

## CONCLUSION

For the foregoing reasons, the Court should deny the OCM's Motion.

Dated: May 9, 2008                    Respectfully submitted,

                                      _____
                                      Jill A. Ptacek (WA Bar #18756)
                                      U.S. Department of Justice
                                      Antitrust Division
                                      Transportation, Energy &
                                          Agriculture Section
                                      450 5th Street, NW,
                                      Suite 400
                                      Washington, DC 20001
                                      Telephone: (202) 307-6607
                                      Facsimile: (202) 307-2784

## CERTIFICATE OF SERVICE

I hearby certify that on the 9th day of May, 2008, I caused a copy of the foregoing Response of Plaintiff United States to the Motion of Organization for Competitive Markets to File Amicus Curiae Brief to be served, by U.S. mail, postage prepaid, and by electronic mail to the attorneys listed below.

 

Jill Ptacek


Counsel for Defendant Monsanto Corporation
M.J. Moltenbrey
Freshfields Bruckhaus Deringer LLP
701 Pennsylvania Avenue, NW
Suite 600
Washington, DC 20004
Telephone: (202) 777-4500
Facsimile: (202) 777-4555
Email: mj.moltenbrey@freshfields.com

Counsel for Defendant Delta and Pine Land Corporation
Charles F. Rule
Cadwalader, Wickersham & Taft LLP
1201 F Street, NW
Washington, DC 20004
Telephone: (202) 862-2200
Facsimile: (202) 862-2400
Email: rick.rule@cwt.com

Counsel for Organization for Competitive Markets
Michael Stumo
P.O. Box 6486
Lincoln, NE 68506